UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Ajina Olusesan,

           Plaintiff,

v.

Bluestem Brands, Inc. d/b/a Fingerhut,

           Defendant.

Civil Action No.: _____

COMPLAINT

For this Complaint, the Plaintiff, Ajina Olusesan, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of the Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA") and the invasions of the Plaintiff's personal privacy by the Defendant and their agents in their effort to collect a consumer debt that is not owed by Plaintiff.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Ajina Olusesan ("Plaintiff"), is an adult individual residing in Staten Island, New York, and is a "person" as defined by 47 U.S.C. § 153(39).

5. Defendant Bluestem Brands, Inc. d/b/a Fingerhut ("Bluestem"), is a Delaware business entity with an address of 6509 Flying Cloud Drive, Eden Prairie, Minnesota 55344, and

is a "person" as defined by 47 U.S.C. § 153(39).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

6. In or around October 2013, Bluestem started placing up to five calls per week to Plaintiff's cellular phone.

7. At all times mentioned herein, Bluestem placed calls to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS").

8. When Plaintiff answered a call from Bluestem, he heard a period of silence up to five seconds long before being connected to a live representative.

9. From the conversation with Bluestem Plaintiff learned that Bluestem was calling for someone named "Mark" who was unknown to the Plaintiff and unreachable at Plaintiff's cellular telephone.

10. Plaintiff informed Bluestem that he was not "Mark" and requested that Bluestem cease calls to Plaintiff's cellular telephone.

11. Plaintiff never provided his cellular telephone number to Bluestem and never provided his consent to be contacted by Bluestem on his cellular telephone.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

12. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

13. At all times mentioned herein and within the last four years, Defendant called Plaintiff on his cellular telephone using an ATDS or predictive dialer.

14. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials

consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…" 2003 TCPA Order, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id.* In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id.*

15. Defendant's telephone systems have all the earmarks of a predictive dialer. Often times when Defendant called Plaintiff, he was met with a period of silence before Defendant's telephone system would connect him to a live person.

16. Upon information and belief, Defendant's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

17. Plaintiff did not provide his consent to be contacted on his cellular telephone, and in fact instructed Defendant on at least one occasion to stop all calls to him and cease calling his cellular telephone.

18. The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

19. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

20. Each of the aforementioned calls made by Defendant constitutes a violation of the TCPA.

21. As a result of each call made in negligent violation of the TCPA, Plaintiff is

entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

22. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

### PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendant as follows:

1. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);
2. Against the named the Defendant, awarding the Plaintiff punitive damages in such amount as is found appropriate; and
3. Granting the Plaintiff such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: March 7, 2014

Respectfully submitted,

By _____

Sergei Lemberg (SL 6331)
LEMBERG LAW L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorneys for Plaintiff